UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION HOLEMAN AND : | |
| WALLACE HOLEMAN, : | |
| ADMINISTRATRIXES OF THE : | |
| ESTATE OF DARRELL HOLEMAN : | NO.: 3:00CV1608 (DJS) |
| : | |
| v. : | |
| : | |
| CITY OF NEW LONDON, : | |
| NEW LONDON POLICE DEPARTMENT, : | |
| GASPAR VINCENT GARCIA, : | |
| BRUCE RINEHART, GREG WILLIAMS : | |
| AND JOHN DOE : | FEBRUARY 12, 2004 |

**<u>DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR PROTECTIVE ORDER</u>**

The Defendants hereby submit this Memorandum in Support of their Motion for Protective Order dated February 12, 2004, requesting that this Court issue an Order prohibiting the plaintiff from:

(1) Compelling the defendant's liability expert, Lt. Daniel Wicks, to copy entire treatises and books, thousands of pages, cover to cover, when the expert referenced and/or reviewed only a few selected pages from each book;

(2) Compelling the expert to mark and submit the original treatises and books into evidence instead of copies, the treatises and books being materials the expert uses and relies upon in his occupation;

(3) Compelling the expert to attend a second full-day deposition.

## I. BACKGROUND:

1. On November 24, 2003, the plaintiff deposed the defendant's liability expert, Lt. Daniel Wicks, which started at 10:20 a.m. and ended 4:55 p.m. on that date, with a break for lunch;

2. In an effort to accommodate the plaintiff's counsel, Attorney Moore, the defendants did not object to a *reasonable* continuation to complete the deposition of Lt. Wick's, despite the limitations of Rule 30(d)(2);

3. On Tuesday, February 10, 2004, the plaintiff began the continuation of the deposition of the defendant's liability expert, Lt. Daniel Wicks;

4. During the course of the deposition, plaintiff's counsel Attorney Moore represented that she was entitled to a copy of all the treatises and books brought to the deposition by Lt. Daniel Wicks, which consists of eight to twelve hard and soft covered books;

5. Attorney Moore represented that the defendants would have to pay for the copying costs;

6. Attorney Moore also represented that she wished to mark each treatise and book with exhibit stickers;

7. Lt. Wicks was apprehensive with respect to placing stickers on his personal treatises and books, and set forth his need for these original materials;

8. In an effort to compromise, undersigned counsel offered Attorney Moore alternative measures for marking the original treatises, including (1) copying the cover and pages relied upon and marking the same, and/or (2) copying each cover, placing an exhibit sticker on the copy and affixing the same to the original book by either paper clip or staple;

9. Attorney Moore rejected the offers of compromise;

10. Attorney Moore refused to continue the deposition despite undersigned counsel informing her that Lt. Wicks had prepared for this second continued deposition and traveled from Massachusetts to attend the same.

II.   **LAW AND ARGUMENT:**

Fed. R. Civ. P. Rule 26(c) reads, in part:

"Upon motion by a party … from whom discovery is sought, … the court in which the action is pending … may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms or conditions, including a designation of the time or place;

(3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;

…."

A defendant may demonstrate good cause for issuance of a protective order under Rule 26(c) by demonstrating that the requested material is not relevant to the claims raised in the plaintiffs suit. See, e.g., Samad v. Jenklns, 845 F.2d 660 (6th Cir. 1998). The issue of "undue burden" is within the discretion of the trial court. See, e.g., In re Subpoena Issued to Dennis Friedman, ___ F.3d ___, 2003 WL 22753166, at *3 (2d Cir. Nov. 21, 2003); Concord Boat Corp, v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996); see also Fed.R.Civ.P. 26 1970 advisory committee's note ("Rule 26(c) . . . confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of [discovery under Fed.R. Civ. P.] 26(b), and these powers have always been freely exercised."); Herbert, 441 U.S. at 177 ("[T]he

4

district courts should not neglect their power to restrict discovery" under Fed.R.Civ.P. 26(c) and "should not hesitate to exercise appropriate control over the discovery process."). In making this determination, a court must limit a party's discovery if it finds the following:

> "(i) the discovery sought is unreasonably cumulative or duplicative, or is ***obtainable from some other source that is more convenient, less burdensome***, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the ***burden or expense of the proposed discovery outweighs its likely benefit***, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

See, Jones v. Hirschfeld, 01 Civ. 7585 (PKL) (GWG) (S.D.N.Y., December 9, 2003) (Emphasis added).

In the instant case, the defendants did not attempt to limit the plaintiff's discovery of materials, but, instead, proposed other less burdensome and/or less expensive means. Indeed, entire treatises and textbooks are irrelevant and immaterial to the underlying action, and the copying of thousands of copyrighted pages clearly sets forth legal concerns and an undue burden to the defendants. The only relevant pages of any texts would be the pages relied upon by the expert and/or discussed during the deposition.

With respect to marking original treatises and textbooks with exhibit stickers, the plaintiff through counsel offered not one reason why alternative means could not have been achieved to accomplish the goal of (1) not defacing the experts personal property, or (2) not marking the original books which the expert requires in his occupation as instructor and lecturer.  Rule 26(c) is designed to prohibit oppressive behavior of counsel.  Plaintiff counsel's insistence that Lt. Wick's personal library materials be marked with stickers and entered as evidence is not reasonable based on the alternatives available, which were offered during Lt. Wick's continued deposition.

Lastly, the plaintiff through counsel deposed the defendants' liability expert for over five (5) hours, total testimony time, on November 24, 2003.  (Deposition Transcript, **Exhibit A**).  Although the defendants' assented to a continuation of the expert's deposition, the defendants request a protective order limiting Lt. Wicks' (third) continued deposition to three (3) additional hours. <u>See</u>, Rule 30 (b)(2).

### III.  **CONCLUSION**:

Based on the foregoing, the defendants in the above matter respectfully request that this Court grant their motion for a protective order preventing the plaintiff from pursuing the following:

(1) Compelling the defendant's liability expert, Lt. Daniel Wicks, to copy entire treatises and books, thousands of pages, cover to cover, when the expert relied upon and/or reviewed only a few selected pages from each book for the purposes of this matter;

(2) Compelling the expert to mark and submit the original treatises and books into evidence instead of copies, the treatises and books being materials the expert uses and relies upon in his occupation; and

(3) An order limiting any continuation of Lt. Wick's deposition to (3) three hours testimony time.

The defendants also request an order that the plaintiff compensate Lt. Wicks for his preparation time, and his appearance at the suspended deposition.

DEFENDANTS,
CITY OF NEW LONDON, NEW LONDON
POLICE DEPARTMENT, GASPAR
VINCENT GARCIA, BRUCE RINEHART,
GREG WILLIAMS AND JOHN DOE


By_____
   Daniel C. DeMerchant
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   ct19342

8

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 13th day of May, 2003.

Sandy M. Moore, Esquire
Attorney at Law
80 Broad Street
New London, CT  06320

Jeffrey T. Londregan, Esquire
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT  06320-1351

Richard Hustad Miller, Esquire
P.O. Box 365
Uncasville, CT 06382

_____
Daniel C. DeMerchant