FILED

2004 FEB 23 P 1:37

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARION HOLEMAN AND WALLACE HOLEMAN, ADMINISTRATRIX(OR) OF THE ESTATE OF DARRELL HOLEMAN, Plaintiffs | : : : : : : | CIVIL ACTION NO.: 3:00-CV1608 (DJS) |
| V. | : : | |
| CITY OF NEW LONDON, ET. AL., Defendants | : : : | FEBRUARY 17, 2004 |

### PLAINTIFF'S MOTION FOR SANCTIONS FOR FAILURE OF THE DEFENDANTS' EXPERT WITNESS TO COMPLY WITH ORDERS FOR DISCLOSURE

Pursuant to Fed. R. Civ. Pro. 30 (d) (3) & 37 (b) (2), the plaintiffs request sanctions for the failure of the defendants' liability expert witness to comply with orders of disclosure which caused a delay in the deposition of the expert.

On the second day of deposition, the defendants' expert suddenly produced numerous volumes of legal texts upon which he purported to have relied in the preparation of his expert report. Neither these texts, nor any such secondary sources whatsoever, were cited or even referred to in the expert's report, brought to the first day of the deposition, or even mentioned during the testimony during the first day of the deposition.

According to Fed. R. Civ. Pro. 26 (a) (2) (B), an expert witness shall prepare a written report that "shall contain a complete statement of all opinions to be expressed *and the basis and reasons* therefor; [and] the data *or other information considered* by the witness in forming the

Sandy M. Moore, Attorney at Law
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322


opinions; [...]." (Emphasis added.) Such a rule-complying report is to be turned over to the opposing party according to the schedule dictated by the court. See Fed. R. Civ. P. 26 (a) (2) (C). According to the scheduling order in the case-at-bar, expert reports were to be turned over no later than July 18, 2003.

A written report of the defendant's expert witness was turned over in compliance with the deadline of the scheduling order. In this report, the expert states that an "[a]dditional rational for this motor vehicle stop was the community caretaker function" because, based on numerous turns at low speeds which brought the vehicle in a complete circle, "[a] reasonable police officer would believe that the operator was lost or displaying unusual and inappropriate driving behavior." The report goes on to elaborate the specific basis of this conclusion by referring to Commonwealth v. Alvarado, 420 Mass. 542 (1995) where the reports states that the court held that "police lawfully stopped a vehicle 'based on the peculiar maneuverings and the extremely slow speed at which it was traveling.' " No reference is made in the report to other cases, texts, or police training of the expert.

The expert was compelled to testify by a subpoena which, pursuant to Fed. R. Civ. Pro. 30 (b) (5), required the production of certain documents at the time of the deposition. See Subpoena, attached hereto as Exhibit A. At the first deposition, the texts now offered by the expert were not produced.

In preparation for the deposition, the plaintiffs have relied on the reasoning articulated in the report and previously confirmed by non-production of them at the first deposition. More importantly, the plaintiffs were without the benefit of prior referral to or research of the additional texts which the expert witness brought with him to the second deposition and upon

**Sandy M. Moore, Attorney at Law**
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322

which he purported to have based his opinion. Without the benefit of such prior references, which should have been included in a properly-prepared report, the plaintiffs were unprepared and unable to properly proceed with the deposition.

WHEREFORE, the plaintiffs request sanctions accordingly:

1. The defendants' expert be excluded from referring to this additional material at a further deposition or at trial; or, in the alternative, that at least one week prior to the continuation of the deposition, the plaintiff be provided the textual references and specific pages upon which the defendants' expert purportedly relied in the preparation of his report (and, in the event that any such texts are internal documents to any law enforcement or other governmental agency or otherwise not readily available to the general public, that the plaintiff be provided access to the full volume either by temporary loan of the text or a copy thereof, at the discretion of the defendants).

2. The plaintiffs' not be required to compensate the defendants' expert for his appearance at the second day of deposition, or any additional preparation as may be required by an additional day of deposition. See Fed. R. Civ. Pro. 26 (b) (4) (c).

Respectfully submitted,

THE PLAINTIFFS

By: _____
Sandy M. Moore, Fed No. CT-19322
80 Broad Street
New London, CT 06320
Phone: (860) 444-6124
Fax: (860) 701-0492

- 3 -

## **CERTIFICATION**

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on FEBRUARY 17, 2004:

Howd & Ludorf
Attorneys Thomas R. Gerarde &
Daniel C. DeMerchant
65 Wethersfield Avenue
Hartford, CT 06114
Phone: (860) 249-1361

Attorney Jeffrey T. Londregan
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT 06320-1351

Sandy M. Moore
Federal No. CT-19322

- 4 -



**JAMES V. DIPOLA**
SHERIFF

*The Commonwealth of Massachusetts*
*Middlesex Sheriff's Office*
Civil Process Division
P.O. Box 7135
97 Central Street
Lowell, Massachusetts 01852-0135
Phone (978) 452-3221 • Fax (978) 454-9600

```
SANDY MOORE, ESQ.
LAW OFFICES OF SANDY M. MOORE, LLC
80 BROAD STREET
NEW LONDON, CT  06320-
```

Amount Due      : $0.00
Invoice Number: 350246
Invoice Date    : 11/13/03

(860) 444-6124

**Payment is due 30 days from invoice date.** PLEASE RETURN THIS TOP PORTION WITH YOUR PAYMENT

```
ESTATE OF DARRELL HOLEMAN, ET AL              Writ: DEPOSITION SUBPOENA & NOTICE OF TAK
    vs.                                           : ING DEPOSITION & SCHEDULE A
CITY OF NEW LONDON, ET AL
    Serve:
              WICKS, DANIEL C.
              29 CHELMSFORD ROAD
              BEDFORD

                    Date:  11/13/03
                       :   LAST AND USUAL

    Assigned to Deputy Sheriff:  HOOPER
```

Basic Service Fee ........................................................ $75.00
                                                                         -----------
Total of Charges ......................................................... $75.00
Advance Payment .......................................................... $75.00
                                                                         -----------
    T O T A L   A M O U N T   D U E                                        $0.00

Invoice Number: 350246
Invoice Date    : 11/13/03

EXHIBIT A

AFFIDAVIT OF SERVICE BY DEPUTY SHERIFF
AUTHORIZED TO SERVE CIVIL PROCESS

NOW COMES George A. Hooper of Lowell, Massachusetts, and states that he is a deputy sheriff duly authorized to serve process in the Commonwealth of Massachusetts, County of Middlesex.

That on the 13th day of November, 2003 at 10:00am, he made service of the within Deposition Dubpeona, Notice of Taking Deposition & Schedule A by:

Serving the within-named Daniel C. Wicks by giving in hand to Natalie Wicks, agent and person in charge at the time of service at 29 Chelmsford Road, Bedford, Massachusetts.

FEE: $75.00

_George A. Hooper_
Deputy Sheriff

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SWORN TO AND SUBSCRIBED TO before me this 13th day of November, 2003.

_Jacalyn A. Seymour_
Notary Public
My Commission Expires: 10/25/07

# Issued by the
# UNITED STATES DISTRICT COURT

_____ DISTRICT OF _____

ESTATE OF DARRELL HOLEMAN, ET. AL.
Plaintiffs

V.

CITY OF NEW LONDON, ET. AL.
Defendants

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 3:00-CV1608 (DJS)

TO: Mr. Daniel C. Wicks
29 Chelmsford Road
Bedford, MA 01730

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Howd & Ludorf, 65 Wethersfield Ave., Hartford, CT | Monday, 11/24/03 @ 9:00 a.m. |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A ATTACHED

| PLACE | DATE AND TIME |
|---|---|
| Howd & Ludorf, 65 Wethersfield Ave., Hartford, CT | Monday, 11/24/03 @ 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Plaintiff | 11/24/03 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Sandy M. Moore, Esq., 80 Broad St., New London, CT 06320 (860) 444-6124

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

<div align="center">

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

</div>

| | |
|---|---|
| ESTATE OF DARRELL HOLEMAN, ET. AL., Plaintiffs | : CIVIL ACTION NO.: |
| | : |
| | : 3:00-CV1608 (DJS) |
| V. | : |
| | : |
| CITY OF NEW LONDON, ET. AL., Defendants | : NOVEMBER 6, 2003 |

<div align="center">

**NOTICE OF DEPOSITION**

</div>

You are requested to TAKE NOTICE that A DEPOSITION WILL TAKE PLACE in the above-entitled case. The deposition has been arranged by and will be conducted by the plaintiffs, Marion Holeman and Wallace Holeman, through their attorney as named and signing below. The specific details of the deposition are as follows:

*Person to be Deposed:*  Daniel C. Wicks
*Date of Deposition:*  November 24, 2003
*Time of Deposition:*  9:00 a.m.
*Location of Deposition:*  Howd & Ludorf; 65 Wethersfield Ave.; Hartford, Conn.

The deposition will be conducted according to the Federal Rules of Civil Procedure. The deponent will be served with a subpoena requiring attendance. At the deposition, the deponent will be placed under oath and the oral examination recorded by an individual authorized by law to administer oaths and record proceedings. If necessary, oral examination will continue from day to day until completed. YOUR ARE INVITED TO ATTEND AND CROSS-EXAMINE.

<div align="center">

**Sandy M. Moore, Attorney at Law**
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322

</div>

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF DARRELL HOLEMAN, ET. AL., Plaintiffs | CIVIL ACTION NO.: |
| | 3:00-CV1608 (DJS) |
| V. | |
| CITY OF NEW LONDON, ET. AL., Defendants | NOVEMBER 6, 2003 |

## SCHEDULE A
## ATTACHED TO THE SUBPOENA OF DANIEL C. WICKS

As commanded on the signed and served subpoena form to which this schedule is attached and amended, DANIEL C. WICKS is required to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified on the subpoena:

1. Your entire and complete file concerning the above-captioned lawsuit and the incident of August 22, 1999 upon which it is based, including, but not limited to, the following: all notes, memoranda, reports, letters, documents, films, video tapes, tests, trial exhibits, photographs, and/or any other tangible things you have.

2. Any and all materials relied upon in your investigation and/or used in formulating your opinions and conclusions that any way related to or concern the incident of August 22, 1999 upon which this lawsuit is based.

3. All reference materials, charts, learned treaties, standards, procedures, indexes, reports, handbooks provided to you, recommended by you, reviewed, consulted, reference, relied on or in any other way related to your research, analysis, investigation consultation or preparation of this lawsuit or other subject matter thereof.

4. Any and all documentation or records which reflect the activities undertaken, the time spent, and the amounts charged by you in your work on this matter.

5. A listing of all cases in which you have given testimony including the name of the case, the date of your deposition or court testimony, names of the parties involved, the names and addresses of the attorneys involved.

6. The most updated version of your *Curriculum Vitae* or Resumé.

**Sandy M. Moore**, Attorney at Law
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322

If you have any questions regarding the deposition, please contact the office of the undersigned attorney for the plaintiffs.

Respectfully,

THE PLAINTIFFS

By: _____
Sandy M. Moore, Fed No. CT-19322
80 Broad Street
New London, CT 06320
Phone: (860) 444-6124
Fax: (860) 701-0492

## CERTIFICATION

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on November 7, 2003:

Howd & Ludorf
Attorneys Thomas R. Gerarde &
Daniel C. DeMerchant
65 Wethersfield Avenue
Hartford, CT 06114
Phone: (860) 249-1361

Attorney Jeffrey T. Londregan
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT 06320-1351

_____
Sandy M. Moore
Federal No. CT- 19322

- 2 -