FILED

2004 FEB 23 P 1: 37

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION HOLEMAN AND WALLACE HOLEMAN, ADMINISTRATRIX(OR) OF THE ESTATE OF DARRELL HOLEMAN, Plaintiffs | CIVIL ACTION NO.: 3:00-CV1608 (DJS) |
| V. | |
| CITY OF NEW LONDON, ET. AL., Defendants | FEBRUARY 17, 2004 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER, DATED FEBRUARY 12, 2004

In response to the defendants' motion for a protective order, dated February 12, 2004, the plaintiffs make the following response (in corresponding number to the defendants' requests of this court):

1.  The plaintiffs concur with the defendants that thousands of pages need not be copied where the defendant's liability expert referenced only a few lines.

2.  The plaintiffs conditionally concur that exhibit stickers need not be placed on the pages or cover of the books so long as the books are otherwise properly marked so that reference can be made to them (a sticker on a sheet of paper then inserted into the book is adequate). However, at the deposition, the plaintiffs must be given access to physically inspect the books.

3.  The plaintiffs conditionally concur that the defendants' liability expert witness not be

Sandy M. Moore, Attorney at Law
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322

deposed for the entirety of a second day. The plaintiffs will only require an additional 3 hours of examination plus a reasonable period of re-direct following any cross-examination. See Fed. R. Civ. Pro. 30 (d) (2).

In addition to these direct responses to the defendants' requests of this court, the plaintiffs further represent the following:

1. The termination of the second day of cross examination was the necessary result of the surprise, late production of texts upon which the defendants' expert purportedly relied. The plaintiffs could not conduct a proper deposition without previous notice of integral subjects of that deposition and the volume of the surprise texts made any brief recess for a review of them impossible. (See Plaintiffs' Motion for Sanctions filed simultaneous to this response).

2. It is true that the parties convened the first day of deposition of the defendants' liability expert for a reasonable continuance; however, it was not any dereliction on the part of the plaintiff, it was the difficulty in availability and untimely confirmation of dates of all parties concerned.

Respectfully submitted,

THE PLAINTIFFS

By: _____
Sandy M. Moore, Fed No. CT-19322
80 Broad Street
New London, CT 06320
Phone: (860) 444-6124
Fax: (860) 701-0492

- 2 -

## CERTIFICATION

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on FEBRUARY 17, 2004:

| | |
|---|---|
| Howd & Ludorf<br>Attorneys Thomas R. Gerarde &<br>Daniel C. DeMerchant<br>65 Wethersfield Avenue<br>Hartford, CT 06114<br>Phone: (860) 249-1361 | Attorney Jeffrey T. Londregan<br>Conway & Londregan, P.C.<br>38 Huntington Street<br>P.O. Box 1351<br>New London, CT 06320-1351 |

_____
Sandy M. Moore
Federal No. CT-19322