FILED

2004 MAR 12 P 1:58

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

MARION HOLEMAN AND
WALLACE HOLEMAN,
ADMINISTRATRIXES OF THE
ESTATE OF DARRELL HOLEMAN          :    NO.: 3:00CV1608 (DJS)

v.

CITY OF NEW LONDON,
NEW LONDON POLICE DEPARTMENT,
GASPAR VINCENT GARCIA,
BRUCE RINEHART, GREG WILLIAMS
AND JOHN DOE                       :    MARCH 10, 2004

### DEFENDANTS' SUPPLEMENTAL STATEMENT IN OPPOSITION TO THE PLAINTIFFS' MOTION FOR SANCTIONS DATED FEBRUARY 17, 2004

The defendants hereby supplement their Statement in Opposition to the Plaintiff's Motion for Sanctions, dated February 17, 2004, by quoting language from the record, and attaching transcripts memorializing counsels' discussions.

**I.    RELEVANT BACKGROUND**

Please refer to the Section I. of the defendants' Statement in Opposition.

ORAL ARGUMENT IS REQUESTED

## II.   RELEVANT DISCUSSION ON THE RECORD

### a. Discussions concerning the production of copies of texts.

Counsel held the following discussion as to the production of copies of numerous textbooks and treatises brought to the deposition by the defendants' expert, Lieutenant Daniel Wicks:

(Off the record discussion)

Mr. DeMerchant:   Wait a minute. Let's put this on the record. Just for the record, we're not going to make a copy of the whole book unless there is compensation for it.

Ms. Moore:   I'm not going to say I'm going to give compensation. My expert had to make copies of everything he used. He's now come forward with this information. This should have been copied and presented to Counsel long ago.

Mr. DeMerchant:   Absolutely not. Every textbook that an expert relied upon, including a library, is not going to be [copied] and delivered to you.

Ms. Moore:   Well, it should be.

Mr. DeMerchant:   We can copy the page. We can copy whatever. But we're not copying a whole textbook for you, including all the textbooks that he brought with him.

Ms. Moore:   ... Well, that can be decided by a court --

(Lieutenant Wicks' transcript, V.II, 2/10/04, pp. 239-240, **Exhibit A**).

b.  **Discussions concerning the marking of original texts.**

Counsel held the following discussion concerning Lieutenant Wick's preference not to have his personal textbooks and treatises marked with original exhibit markers:

Ms Moore: So basically what I'm asking for is that to be marked as an exhibit.

Mr. DeMerchant: That's fine. We can put a piece of paper in there. We can photocopy a page and mark that page; that's fine. I don't want his original book marked.

Ms. Moore: Okay. Well, then we're going to end this deposition; and we'll go to Judge [Squatrito], because that's what we're going to do.

(Lieutenant Wicks' transcript, V.II, 2/10/04, p. 241, **Exhibit A**).

Mr. DeMerchant: It is my understanding, Sandy, that you are terminating this deposition because my expert does not want an exhibit sticker placed on an original textbook that he utilizes in his scope and course of business.

Now, I will try to accommodate you any other way by putting a sticker on anything and affixing it to either by ... staple or paper clip, anything.

But Lieutenant Wicks does not want markings on his books –

Ms. Moore: Okay.

(Lieutenant Wicks' transcript, V.II, 2/10/04, p. 243, **Exhibit A**).

Mr. DeMerchant: And we're not preventing you from having that document.

Ms. Moore: Yes, you are, because I want that marked. And, it's not something that's going to obliterate any language in that. It's not something that's going to prevent him from teaching. Do you see how unreasonable you're being, that a sticker can't be placed right on the side of it? It can be placed on the inside page. It does not affect ---

Mr. DeMerchant: Let's see if we can call the Judge right now.

Ms. Moore: Fine. Do it.

(Lieutenant Wicks' transcript, V.II, 2/10/04, p. 246, **Exhibit A**).

c.  **Discussion concerning Atty. Moore terminating the deposition.**

Ms Moore: For the record, I am going to terminate or suspend the deposition based on the fact that I am not being allowed to mark exhibits. Further, it lends to a greater problem as my subpoena, my original subpoena in this deposition, has not been complied with. And I am going forward with a contempt of court on my subpoena against Lieutenant Wicks. And we will have to address this with the Court.

Mr. DeMerchant: And I'd like to also put something on the record.

> We tried to resolve this matter. Lieutenant Wicks brought personal property, his personal library [books]; and we've tried to accommodate Attorney Moore by saying we'll make copies and mark copies, things of that nature.
>
> Lieutenant Wicks doesn't want exhibit markings on personal property coming from his own [library].
>
> I think we could have resolved the matter that way. But Sandy Moore ... wants to proceed forward ... and get an order on that issue.

4

> With respect to some [motion] of contempt ... we have all documents and texts here today, most of which he did not rely upon with respect ... [to] the report. And we're here for a continuation of his deposition.
>
> This goes directly to what we discussed in the first deposition. Everything is here. Everything can be looked at. The deposition could go forward if [this is the concern of Attorney Moore].
>
> ... My expert came down from Massachusetts here today specifically for being deposed. He has everything here today.
> ...

(Lieutenant Wicks' transcript, V.II, 2/10/04, p. 246-248, **Exhibit A**).

## III. **CONCLUSION**

Based on the foregoing and upon the defendants' Statement in Opposition to Plaintiffs' Motion for Contempt, the defendants respectfully request that this Court deny the plaintiff's Motion in its entirety, and award reasonable attorneys fees and costs.

Additionally, the defendants respectfully request that their Motion for Protective Order be granted, and reasonable attorneys fees and costs be awarded, based on plaintiff counsel's unilateral termination of the subject deposition for reasons subsequently retracted by her, as set forth within plaintiff's Objection to Motion for Protective Order.

DEFENDANTS,
CITY OF NEW LONDON, NEW LONDON
POLICE DEPARTMENT, GASPAR
VINCENT GARCIA, BRUCE RINEHART,
GREG WILLIAMS AND JOHN DOE

By_____
Daniel C. DeMerchant
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
ct19342

## CERTIFICATION

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 10th day of March, 2004.

Sandy M. Moore, Esquire
Attorney at Law
80 Broad Street
New London, CT 06320

Jeffrey T. Londregan, Esquire
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT 06320-1351

Richard Hustad Miller, Esquire
P.O. Box 365
Uncasville, CT 06382

_____
Daniel C. DeMerchant

Exhibit A

Case 3:00-cv-01608-WWE   Document 90   Filed 03/12/2004   Page 8 of 17

```
 1                  UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF CONNECTICUT
 2

 3

 4
     MARION HOLEMAN AND WALLACE           )
 5   HOLEMAN, ADMINISTRATRIXES OF         )
     THE ESTATE OF DARRELL HOLEMAN        )   CASE ACTION NO.
 6                                        )

 7
     VS.                                  )   3:00-CV1608(DJS)
 8

 9
     CITY OF NEW LONDON, NEW LONDON       )
10   POLICE DEPARTMENT, GASPAR VINCENT    )
     GARCIA, BRUCE RINEHART, GREGG        )
11   WILLIAMS AND JOHN DOE                )   FEBRUARY 10, 2004

12

13

14           DEPOSITION OF LIEUTENANT DANIEL C. WICKS

15

16                          VOLUME II

17

18                            COPY

19

20

21

22

23          Victoria L. Germani, R.P.R., C.S.R.
                        LSR NO. 051
24                    Shea & Driscoll
                 Court Reporting Associates
25                   16 Seabreeze Drive
                Waterford, Connecticut  06385
```

Shea & Driscoll Court Reporting Associates

1    Q    So you went and obtained those cases after the
2    deposition that I had with you?
3    A    Right.  You asked me for specific cases; and you
4    mentioned there wasn't Connecticut law.  And I said, that's not
5    material.  It's a nationwide standard.
6         And you said why?  And I've obtained the cases.
7    Q    Right.  But the key is, you did not base your opinion
8    on those cases -- Had you read those cases prior to doing your
9    report?
10   A    At some point in my twenty-two year career I was made
11   familiar with them, yes.
12   Q    Oh, you were made aware of those specific cases?
13   A    No, the Community Caretaker Function.  I don't know if
14   those were the specific cases that were discussed.
15   Q    Okay.  Could you read those cases?
16   A    Yes.
17   Q    What page is that in the textbook?
18   A    It's on page thirty-nine.
19   Q    Do you mind if we mark that textbook as an exhibit?
20   A    This is a resource document I need to have.  You can
21   make copies.
22   Q    I understand.  I'll get a copy of it.  But I do want it
23   marked for the record.
24        (Off the record.)
25        MR. DE MERCHANT:  Wait a minute.  Let's put this on

1   the record.

2   Just for the record, we're not going to make a copy of
3   the whole book unless there's compensation for it.

4   MS. MOORE: I'm not going to say I'm going to give
5   compensation.

6   My expert had to make copies of everything he used.

7   He's now come forward with this information. This
8   should have been copied and presented to Counsel long ago.

9   MR. DE MERCHANT: Absolutely not. Every textbook that
10  an expert relies upon, including a library, is not going to
11  be delivered to you.

12  MS. MOORE: Well, it should be. The problem is he's
13  coming up with new things now. It's very important --

14  MR. DE MERCHANT: We can copy the page. We can copy
15  whatever. But we're not copying a whole textbook for you,
16  including all the textbooks that he brought with him.

17  MS. MOORE: Well, I don't think that -- Well, that
18  will need to be decided by a court --

19  MR. DE MERCHANT: That can be decided by the Judge.

20  MS. MOORE: -- because you can't dictate what can be
21  copied or not.

22  MR. DE MERCHANT: Lieutenant Wicks, would you care to
23  have a sticker placed on that; or could we reference it and
24  mark it in some other fashion? What's your pleasure?

25  I don't even know if it's one of your books.

1   THE WITNESS: It's one of my books.

2   You asked at the prior deposition for specific cases

3   of which you asked me to get, which I have done.

4   I was aware of this standard before I wrote the

5   report. And I did not specifically reference these cases.

6   BY MS. MOORE:

7   Q   Because you were not aware of those cases when you did

8   your report; is that correct?

9   A   Those specific cases by name?

10  Q   Yes.

11  A   That's correct.

12  Q   Okay. Because you have some specific cases by name in

13  the report, isn't that correct; and are those the same cases?

14  A   Regarding the Community Caretaker Function?

15  Q   Yes.

16  A   I don't believe I specifically refer to any case in

17  there.

18  MS. MOORE: So basically what I'm asking for is that to

19  be marked as an exhibit.

20  MR. DE MERCHANT: That's fine. We can put a piece of

21  paper in there. We can photocopy a page and mark that

22  page; that's fine. I don't want his original book marked.

23  MS. MOORE: Okay. Well, then we're going to end this

24  deposition; and we'll go to Judge Quattro, because that's

25  what we're going to do.

1  MR. DE MERCHANT: It is my understanding, Sandy, that
2  you are terminating this deposition because my expert does
3  not want an exhibit sticker placed on an original textbook
4  that he utilizes in his scope and course of business.
5  Now, I will try to accommodate you any other way by
6  putting a sticker on anything and affixing it to it either
7  by some kind of staple or paper clip, anything.
8  But Lieutenant Wicks does not want markings on his
9  books --
10  MS. MOORE: Okay.
11  MR. DE MERCHANT: -- he uses and relies upon in his
12  teachings and his business as a Massachusetts Police
13  Officer; okay?
14  MS. MOORE: Uh-hum.
15  MR. DE MERCHANT: Now if that is not amicable to you
16  and you're terminating this deposition, I can't do anything
17  to stop you.
18  MS. MOORE: All right, let me rephrase your statements
19  why -- that I'm not going to get a copy of that in its
20  totality --
21  MR. DE MERCHANT: No, no, no.
22  MS. MOORE: That was your statement. I let you speak,
23  now --
24  MR. DE MERCHANT: All right, it's on the record.
25  MS. MOORE: That was your statement. It's on the

*Shea & Driscoll Court Reporting Associates*

1  that's halting.

2  I have asked nothing unreasonable here. I'm asking

3  for a document which -- you're putting this man forth as an

4  expert -- that he relied upon in doing this report.

5  MR. DE MERCHANT: And we're not preventing you from

6  having that document.

7  MS. MOORE: Yes, you are, because I want that marked.

8  And, it's not something that's going to obliterate any

9  language in that. It's not something that's going to

10 prevent him from teaching.

11 Do you see how unreasonable you're being, that a

12 sticker can't be placed right on the side of it? It can be

13 placed on the inside page. It does not affect --

14 MR. DE MERCHANT: Let's see if we can call the Judge

15 right now.

16 MS. MOORE: Fine. Do it.

17 MR. DE MERCHANT: We can go off the record and go find

18 a phone that we can use.

19 (Off the record.)

20 (Short recess taken.)

21                    ---

22 MS. MOORE: For the record, I am going to terminate or

23 suspend this deposition based on the fact that I am not

24 being allowed to mark exhibits.

25 Further, it lends to a greater problem as my subpoena,

1   my original subpoena in this deposition, has not been
2   complied with. And I am going forward with a contempt of
3   court on my subpoena against Lieutenant Wicks. And we will
4   have to address this with The Court.
5       MR. DE MERCHANT: And I'd like to also put something
6   on the record.
7       We tried to resolve this matter. Lieutenant Wicks
8   brought personal property, his own personal library; and
9   we've tried to accommodate Attorney Moore by saying we'll
10  make copies and mark copies, things of that nature.
11      Lieutenant Wicks doesn't want exhibit markings on
12  personal property coming from his own texts.
13      I think we could have resolved the matter that way.
14  But Sandy Moore, you know, wants to proceed forward with
15  The Court and get an order on that issue.
16      With respect to some notice of contempt or whatever
17  issue that is that Attorney Moore would like to bring up,
18  we have all documents and texts here today, most of which
19  he did not rely upon with respect to cites within the
20  report. And we're here for a continuation of his
21  deposition.
22      This goes directly to what we discussed in the first
23  deposition. Everything is here. Everything can be looked
24  at. The deposition could go forward if that is indeed the
25  case.

1   My client -- Excuse me -- My expert came down from
2   Massachusetts here today specifically for being deposed.
3   He has everything here today.
4   And of course, we'll be objecting to anything in the
5   future; either this notice of contempt, whatever that might
6   be, and any future depositions of Lieutenant Wicks.
7   MS. MOORE: Okay. Also I just want to add that I did
8   try to also agree with Attorney DeMerchant that this small,
9   less than one inch by one inch, sticker be placed on the
10  inside cover of this Criminal Procedures Textbook that I
11  would like marked; therefore, not interfering with any of
12  the experts's teachings or anything else he has to do with
13  this particular book; that it could be in a place that it
14  was not noticeable to the public eye.
15  But this information just came to me. Again, it was
16  not present pursuant to subpoena at the first deposition.
17  Thank you.
18  MR. DE MERCHANT: And just so the record's clear, as a
19  collateral issue, it's not all exhibits, obviously, that
20  we're objecting to. It's just personal property and
21  textbooks that Lieutenant Wicks has brought with him here
22  today.
23  MS. MOORE: Okay.
24  MR. DE MERCHANT: That's it.
25  (The deposition was adjourned at 11:03 a.m.)

# CERTIFICATE OF REPORTER

I, Victoria L. Germani, RPR, LSR, and Notary Public duly commissioned and qualified within and for the State of Connecticut; do hereby certify that pursuant to Notice there appeared before me on the 10th day of February, 2004, at 10:10 a.m. the following named person, to wit: LIEUTENANT DANIEL C. WICKS, who was by me duly sworn to testify to the truth and nothing but the truth; that he was thereupon carefully examined upon his oath; and his examination reduced to writing under my supervision; and that the deposition is a true record of the testimony given taken to the best of my ability.

I further certify that I am neither attorney nor counsel for, nor related to nor employed by any of the parties to the action in which this deposition is taken; and further that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in the action.

IN WITNESS THEREOF, I have hereunto set my hand and affixed my Notarial Seal this ____ day of March, 2004.

Victoria L. Germani, Notary Public
LSR NO. 051
My Commission expires April 30, 2005

*Shea & Driscoll Court Reporting Associates*