FILED

2004 MAR 18 A 11: 59.

UNITED STATES DISTRICT COURT

U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT   HARTFORD, CT.

| | |
|---|---|
| **MARION HOLEMAN AND WALLACE HOLEMAN, ADMINISTRATRIX(OR) OF THE ESTATE OF DARRELL HOLEMAN, Plaintiffs** | : CIVIL ACTION NO.: <br> : <br> : 3:00-CV1608 (DJS) <br> : <br> : |
| V. | : |
| **CITY OF NEW LONDON, ET. AL., Defendants** | : MARCH 17, 2004 <br> : |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' RESPONSE TO MOTION FOR SANCTIONS

In brief response to the defendants' objection to the plaintiff's motion for sanctions, dated February 17, 2004, the plaintiffs state the following:

1. The defendants' belief that the motion for sanctions was an attempt to give "post-purpose meaning" to the suspension of the deposition of the defendants' liability expert is inaccurate. The defendants focus on the fact that at the suspended deposition the plaintiffs' attorney, Sandy M. Moore, demanded the marking of entire treatises and the production of cases. The defendants fail to see, however, that this demand related to the ultimate issue of the ability to effectively examine an opposing expert witness. Without the ability to familiarize oneself with the entire basis of the expert's opinion, an attorney can hardly be expected to match the expertise of an expert. Admitting the entire treatise or entire case was an attempt to preserve the entirety of that which was purportedly relied

**Sandy M. Moore, Attorney at Law**
80 Broad Street  New London, CT 06320
Ph.: (860) 444-6124  Fax: (860) 701-0492
Fed No. CT-19322

upon by the expert so that the testimony solicited was not confined to selected portions of these texts which were favorable only to the defense. Attorney Moore, however, realized that even this would only give her the ability to peruse the texts for these purposes. It would not give her sufficient time to 'joust with an expert.'

2. The defendants' continued, subtle highlighting of the fact that they consented to a "reasonable" delay in the deposition (see Opposition at p. 3) belies the reality that the delay was caused by the inability to find a mutually-agreeable day upon which to continue the deposition. The plaintiffs would provide days which were suitable, but a response from the defendants would not be received until such time as those days were no longer available. Furthermore, the defendants' concession that it had agreed to a "reasonable" delay contradicts their later assertion that the plaintiffs were not entitled to a second day of deposition (see Opposition at p 7).

3. It is not the production of those treatises which were footnoted in the expert report upon which the plaintiffs based their motion for sanctions. As the defendants concede in their opposition at page 3-4, the expert witness brought additional treatises which had not been footnoted or otherwise referred to previously. It is these additional productions that caused the plaintiffs prejudice.

4. The defendants make significant note of the fact that they had advised the plaintiffs' attorney that the deponent had prepared for the deposition (see Opposition at pp. 4-5,7). However, it is precisely this preparation which created the surprise prejudice. The deponent had had the opportunity to incorporate additional sources into his opinion and had prepared for the deposition on that basis. The plaintiffs' attorney did not have that

- 2 -

luxury and suspended the deposition because she realized she could not overcome that prejudice.

5. The defendants' bolded notation that the plaintiffs now concur with their motion for protective order (see Opposition at p. 6) fails to realize the material difference that existed between the day of the deposition and the time thereafter. At the deposition, the plaintiffs sought to place on the record the entirety of the texts upon which the deponent purportedly based his opinion to attain the ability to examine the entirety of these texts while examining the deponent, in contrast to only those selected portions the deponent wished to provide. Once the deposition was suspended, however, that attempted means of mitigating the damage was moot. So long as the plaintiff could be provided with the relevant references prior to the continuation of the deposition, preparation could be concluded by the plaintiffs beforehand.

6. The defendants seem to confuse the production of the texts cited in the deponent's original report and those texts which were produced at the second day of the deposition, but had never before mentioned. The defendants contend that the plaintiffs should have requested these texts be produced prior to the deposition or that a motion to compel be filed if they had not (see Opposition at p. 7-8). It is not these texts, however, which are the subject of the plaintiffs' motion. The subject of the motion for sanctions were *additional* texts never before mentioned or cited. It is puzzling that the defendants would have the plaintiffs file a motion to compel for texts which were never before mentioned until during the second day of the deposition. In fact, it was the surprise that caused the suspension of the deposition. The plaintiffs counsel cannot attempt to compel that which

- 3 -

they do not know exists or do not know a deponent intends to suddenly produce.

7. The defendants also attempt to sway the court with its claims of attempted accommodation and having to suffer similar circumstances at previous depositions. These statements are irrelevant to this issue. The plaintiffs too wish to be as accommodating as possible, however, the plaintiffs must keep in mind that it is they that carry the burden of proof in this case and effective examination of the defendants' liability expert is a key portion of the case. That the defendants felt they could continue with their deposition of the plaintiffs' expert does not change the fact that the plaintiffs' counsel did not feel she could do the same with the defendants' expert witness. The importance of the subject matter was too great and the subject of the case too important to have attempted to just "wing it."

Respectfully submitted,

THE PLAINTIFFS

By: _____
Sandy M. Moore, Fed No. CT-19322
80 Broad Street
New London, CT 06320
Phone: (860) 444-6124
Fax: (860) 701-0492

- 4 -

## CERTIFICATION

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on MARCH 17, 2004:

| | |
|---|---|
| Howd & Ludorf | Attorney Jeffrey T. Londregan |
| Attorneys Thomas R. Gerarde & | Conway & Londregan, P.C. |
| Daniel C. DeMerchant | 38 Huntington Street |
| 65 Wethersfield Avenue | P.O. Box 1351 |
| Hartford, CT 06114 | New London, CT 06320-1351 |
| Phone: (860) 249-1361 | |

Sandy M. Moore
Federal No. CT-19322

- 5 -