FILED

2004 AUG 26  A 9: 07

UNITED STATES DISTRICT COURT
U.S. DISTRICT COURT
DISTRICT OF CONNECTICUT HARTFORD, CT.

| | |
|---|---|
| ESTATE OF DARRELL HOLEMAN, ET. AL., Plaintiffs | : CIVIL ACTION NO.:<br>:<br>: 3:00-CV1608 (DJS) |
| V. | : |
| CITY OF NEW LONDON, ET. AL., Defendants | : AUGUST 25, 2004 |

### PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 59, the plaintiffs request that the Court open the judgment and consider the evidence submitted herein on the issue of liability of the City of New London and Bruce Rinehart, which was subject to a grant of summary judgment on August 16, 2004.

None of the enclosed evidence was known to the plaintiffs on April 4, 2003, the date the plaintiffs filed their Revised Local Rule 56 (a) (2) Statement of Facts. As this evidence was produced by the defendant's it was not submitted to this Court with argumentation related to the summary judgment so as not to contaminate the testimony of the defendant's expert witness.

The documentation which the plaintiffs seek to include is described as follows and the actual documents appended to this request.

1.  Documents relating to an incident in 1996 in which Gaspar Garcia, while off duty, pointed a gun at another individual and later justified this action by stating that this other individual was physically assaulting a female, a claim which is discredited by all other witnesses except Garcia's companion on that evening. Despite the Town of Groton

RICHARD HUSTAD MILLER, ATTORNEY AT LAW
P.O. Box 365; Uncasville, CT 06382; (860) 848-4896
Fax: (860) 848-1926; E-mail: attorney.miller@bigfoot.com
Fed No. CT-16842

providing this information to the Office of State's Attorney Kevin Kane for prosecution, Attorney Kane dismissed the matter and Garcia was simply reprimanded by the New London Police Department without any other evaluation of his fitness for duty or judgment as to when to draw or use a firearm. The effect of this documentation is to maintain as questions of fact to which contrasting conclusions can be drawn, the municipal liability of the City of New London in not taking any remedial action following this 1996 incident.

A. Groton Town Police Department Incident Report, dated January 28, 1996.

B. Groton Town Police Department Initial Report by Officer B. Carpenter, dated January 28, 1996.

C. Groton Town Police Department Supplemental Report by Sgt. Murphy, dated January 28, 1996.

D. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated January 28, 1996.

E. Statement of Maegen Cooper, dated January 28, 1996.

F. Statement of Ronnie E. Cade, dated January 30, 1996, in Case # 96-1650.

G. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated January 30, 1996.

H. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated January 31, 1996.

I. Statement of Gaspar V. Garcia, dated January 31, 1996, in Case # 96-1650.

J. Groton Town Police Department Supplemental Report by Lt. Matthew Morton,

- 2 -

dated January 31, 1996.

K. Statement of Ann Michelle Brooks, dated January 31, 1996, in Case # 96,1650.

L. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated February 2, 1996.

M. Statement of Vernon T. Moore, dated February 2, 1996, in Case # 96-1650.

N. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated February 3, 1996.

O. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated February 7, 1996.

P. Groton Town Police Department Supplemental Report by Lt. Matthew Morton, dated February 29, 1996.

2. Deposition testimony of the defendants' liability expert, Daniel C. Wicks, pages 77 through 102. This testimony supports the plaintiff's theory of liability against the City of New London. In summary, the deponent states that Officer Garcia's display of force at an incident at the International House of Pancakes in Groton while off duty was "inappropriate certainly" (page 101) and that if he pointed the weapon at Ronnie Cade, there was "excessive force" (page 102 & 90). In such a case, the expert deponent states that "it would be appropriate some remedial revision of the use of force policy, deadly and nondeadly force" (page 80). Furthermore, it was stated that there was a possibility Officer Garcia was lying in the follow-up investigation of that incident (page 89) in which case "a more severe punishment than reviewing the policy would be required" (page 82). While much of this testimony involved hypothetical discussions of the

- 3 -

opposing viewpoints of the Groton incident, the version of events that occurred remains a question of fact and, if the plaintiff's version of that incident is correct, the City of New London failed to take appropriate remedial measures with regard to Officer Garcia to prevent a repeat of excessive force on the evening in which Darrell Holeman was killed.

This additional evidence demonstrates a policy of deliberate indifference on the part of the City of New London and Chief Bruce Rinehart in that more or better supervision was obvious not simply in general, but specifically with regard to Officer Garcia. See Thomas v. Roach, 165 F.3d 137 at 145 (2nd Cir. 1999), Vann v. City of New York, 72 F.2d 1040 at 1049 (2d Cir. 1995); Canton v. Harris, 489 U.S. 378 at 390 (1989).

### *Conclusion*

Therefore, the court should open the summary judgment, consider the evidence submitted herein, and deny summary judgment against the City of New London and Bruce Rinehart.

Respectfully submitted, THE PLAINTIFFS

By: *Richard Hustad Miller*
Richard Hustad Miller, CT16842

- 4 -

RICHARD HUSTAD MILLER, ATTORNEY AT LAW
P.O. Box 365; Uncasville, CT 06382; (860) 848-4896
Fax: (860) 848-1926; E-mail: attorney.miller@bigfoot.com
Fed No. CT-16842

## CERTIFICATION

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on August 25, 2004:

Howd & Ludorf
Attorneys Thomas R. Gerarde &
Daniel C. DeMerchant
65 Wethersfield Avenue
Hartford, CT 06114
Phone: (860) 249-1361

Attorney Jeffrey T. Londregan
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT 06320-1351

*Richard Hustad Miller*
_____
Richard Hustad Miller, CT16842

RICHARD HUSTAD MILLER, ATTORNEY AT LAW
P.O. Box 365; Uncasville, CT 06382; (860) 848-4898
Fax: (860) 848-1926; E-mail: attorney.miller@bigfoot.com
Fed No. CT-16842