DATE: 8/28/96   TIME STARTED: 0546   PAGE 1 of 3 PAGES

STATEMENT OF: Maegen Lavonne Cooper   PHONE: 445-8207   WORK PHONE: _____

I, ................................................................ do hereby make the following statement of my own free will and accord without fear, threat or promise of reward, knowing that what I say may be used in Court. The undersigned deposes and says: that I am 18 y (030977) and I live at 115 Spyglass Cir. I am not employed.

This morning Ronnie and Vern and I went down to Tit Top at about 2:30. When we got to Tit Top, Ronnie went inside because there were a lot of people there while we stayed in the car. Ron came back out and Erica was following him. Ron came and got back into the car. Erica started yelling at him and asked him who he was looking for in there. They started arguing and Erica asked him who Vern and I was because she doesn't know me. He told her who we were, he said this is Vern and this is Maegen. He was trying to leave so he rolled up the window. She started banging on the window and said "who you looking for".

She didn't know who I was so she started cussing at us saying she didn't give a "fuck who Vern or Maegen was." Ron started to drive off and she yelled "you're nothing but niggers." Then she jumped in front of the car. Ron got out and I got out. Ron told me to get back in the

I have read (or have had read to me) this statement of 3 page(s), and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official functions, I will be in violation of the Connecticut General Statues, section 53a-157. (False Statement class A misdemeanor.)

State of Connecticut  }
County of New London  } SS: Town of Groton

Subscribed and sworn to before me this 28 day of JAN, 1996

Signature: Maegen Lavonne Cooper

Notary Public, Sergeant, Lieutenant
Typed Name/Rank: Sgt.
My Commission Expires: _____

Time Ended: 0622

Exhibit 1E

CASE #: _____  DATE: _____  TIME STARTED: _____  PAGE 2 of 3 PAGES
STATEMENT OF: _____  PHONE: _____  WORK PHONE: _____

I, _____, do hereby make the following statement of my own free will and accord without fear, threat or promise of reward, knowing that what I say may be used in Court. The undersigned deposes and says:

Car so I did. She started walking away towards IHOP and Ron went after her. They started arguing again. Ron left and got back in the car. He went to leave again and she ran up to the driver's side so he got out the car. and they went over by the pay phone and started talking.

The guy with the gun ran over and told Ron to step away from her. Erica started yelling at the guy "There's nothing wrong here we're just having a discussion." Then the guy told Erica to go get in the truck. Then Ron walked away and got in the car and then we left and went to Ron's house.

The guy with the gun was short, 5'6" maybe, he had a muscular build with a grey sweatshirt, light blue jeans, he may have been wearing glasses, I'm not sure. He had like light blonde colored hair. The gun was stainless steel automatic. He pulled on the top and I know the difference between a revolver and an automatic. Maybe I would recognize the guy with the gun if I saw him again.

I have read (or have had read to me) this statement of ___ page(s), and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official functions, I will be in violation of the Connecticut General Statues, section 53a-157. (False Statement is a class A misdemeanor.)

State of Connecticut
County of New London } SS: Town of Groton

**COPY**

Signature: _____

Subscribed and sworn to before me this 28 day of JAN, 1996

Witness Signature: _____

Notary Public, Sergeant, Lieutenant: S.A. Holloway

Typed Name: _____     Time Ended: 0622     Typed Name/Rank: Sgt

My Commission Expires: _____

GTPD 6 11/89

DATE: _____ TIME STARTED: _____ PAGE 3 of 3 PAGES
STATEMENT OF: _____ PHONE: _____ WORK PHONE: _____

I, _____ do hereby make the following statement of my own free will and accord without fear, threat or promise of reward, knowing that what I say may be used in Court. The undersigned deposes and says:

When I saw the guy with the gun I didn't think he was a police officer cause when I see police on T.V. they usually yell "police" or flash a badge and he didn't do either. When Ron got back into the car right before we left he said something like "Don't worry about it he was a cop," or something like that.

I dropped Ron off and drove back home with Vern, we talked about what happened Vern said "he couldn't of been a cop because he didn't have a holster or anything." The guy with the gun for the most part had both hands on it except for when he cocked it by pulling the thing on the top back. MLC

I have read (or have had read to me) this statement of ____ page(s), and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official functions, I will be in violation of the Connecticut General Statues, section 53a-157. (False Statement is a class A misdemeanor).

State of Connecticut
County of New London } SS Town of Groton

COPY

Signature: _____
Subscribed and sworn to before me this 28 day of JAN, 1994

Notary Public, Sergeant, Lieutenant
Typed Name/Rank: SGT
Time Ended: 0622
My Commission Expires: _____

Witness Signature: _____
Typed Name: _____

CASE # 96-1650   DATE: 30-Jan-96   TIME STARTED: 1550   PAGE 1 of 2 PAGES

STATEMENT OF: Ronald E. Cade   PHONE: 437-3028   WORK PHONE: 449-2059

I, _____ do hereby make the following statement of my own free will and accord without fear, threat or promise of reward, knowing that what I say may be used in Court. The undersigned deposes and says:

I AM 26 YEARS OF AGE (DOB 4/17/69) & RESIDE AT 321 MONTAUK AVE. NEW LONDON, CT. I AM IN THE U.S. NAVY STATIONED AT THE SUB SCHOOL, GROTON, CT. I AM MARRIED BUT PRESENTLY SEPARATED. MY WIFE'S NAME IS ERICA A. CADE.

ON SATURDAY NIGHT/SUNDAY MORNING (01/28/96) I HAD GONE TO IHOP ON RT.12 IN GROTON WITH MY CLOSE FRIEND'S SON VERN MOORE (AGE 12) AND MAEGEN COOPER (AGE 18). THIS WAS ABOUT 2:45 A.M. I WAS LOOKING FOR SOME FRIENDS AT IHOP. MAEGEN DROVE ME THERE FROM 115 SPYGLASS CIRCLE BECAUSE I DON'T HAVE A CAR.

I LOOKED AROUND IHOP FOR MY FRIENDS BUT DIDN'T SEE THEM. AS I WAS LEAVING MY WIFE ERICA SAW ME AND CAME UP TO ME. WE STARTED TO ARGUE BECAUSE SHE DIDN'T BELIEVE I WAS THERE LOOKING FOR FRIENDS. ERICA FOLLOWED ME OUTSIDE AND WHEN WE ATTEMPTED TO DRIVE AWAY SHE STOOD IN FRONT OF THE CAR.

I GOT OUT OF THE CAR AND WE CONTINUED TO ARGUE. WE WERE IN FRONT OF IHOP ABOUT 8 FEET FROM THE FRONT DOORS. WE WERE KIND OF LOUD. SUDDENLY I LOOKED TO MY LEFT AND SAW

I have read (or have had read to me) this statement of ___ page(s), and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official functions, I will be in violation of the Connecticut General Statues, section 53a-157 (False Statement is a class A misdemeanor.)

State of Connecticut
County of New London } SS: Town of Groton

Subscribed and sworn to before me this 30th day of JAN, 1996

Signature: _____

Notary Public, Sergeant, Lieutenant
Typed Name/Rank: LIEUTENANT

Time Ended: ___
My Commission Expires: ___

Exhibit 1F

CASE# 96-1650  DATE: 1/30/96  TIME STARTED: ―  PAGE 2 of 2 PAGES
STATEMENT OF: Phillip E. Cade  PHONE: 437-3028  WORK PHONE: 449-2059

I, _____ do hereby make the following statement of my own free will and accord without fear, threat or promise of reward, knowing that what I say may be used in Court. The undersigned deposes and says:

A HISPANIC-LOOKING MALE ABOUT 5'5"-5'6" TALL WITH BLACK HAIR, MUSCULAR AND WITH GLASSES. THIS MALE WAS POINTING A CHROME SMITH & WESSON .45CAL OR 9MM HANDGUN AT ME. I REMEMBER HIM SAYING MOVE AWAY. HE SAID THIS SEVERAL TIMES TO ME. I MOVED AWAY AND HE CAME TOWARDS ME AND SAID HE WAS A POLICE OFFICER. HE SAID FOR ME TO GET OUT OF THERE BECAUSE THEY WERE ON THE WAY. I BELIEVE HE MEANT "THEY" WERE THE POLICE. HE DID NOT SHOW ME ANY POLICE IDENTIFICATION. I GOT INTO MORGAN'S CAR AND WE LEFT. I WENT HOME FOR THE NIGHT.

WHILE ERICA AND I WERE ARGUING NEITHER OF US HIT THE OTHER NOR DID WE PUSH EACH OTHER. WE DID SHOUT LOUDLY AT EACH OTHER. NEITHER OF US HAD ANY TYPE OF WEAPON, EITHER.

I DO NOT KNOW THIS HISPANIC MALE, NOR HAVE I HAD ANY ENCOUNTERS WITH ANY POLICE DEPT. WITHIN THE PAST 6 MONTHS. MY CAR WAS BROKEN INTO 6 MONTHS AGO IN NEW LONDON.

I have read (or have had read to me) this statement of ____ page(s), and it is true to the best of my knowledge. I fully understand that if I make a statement that is untrue and which is intended to mislead a law enforcement officer in the performance of his official functions, I will be in violation of the Connecticut General Statutes, section 53a-157. (False Statement is a class A misdemeanor.)

State of Connecticut
County of New London } SS: Town of Groton

Subscribed and sworn to before me this 30th day of JAN, 1996

Signature: _____
Witness Signature: _____
Time Ended: 1620 Hrs
Typed Name: _____
Notary Public, Sergeant, Lieutenant
Typed Name/Rank: LIEUTENANT
My Commission Expires: _____

COPY

GROTON TOWN POLICE DEPARTMENT
SUPPLEMENTAL REPORT

Exhibit 1G

CASE NUMBER:      96-01650
DATE & TIME:      30-JAN-96    1545 HRS.
OFFICER ASSIGNED: LT. M.MORTON
INCIDENT:         MAN WITH A GUN
CASE STATUS:      7

==========================================================================

On this date Ronnie E. Cade, Jr. came to HQ regarding the incident at IHOP on 01/28/96 in which he had been arguing with his wife and Officer Gaspar Garcia of New London Police Department pointed a handgun at him. Ronnie Cade advised me that he did not have a car and was driven to IHOP by Maegen Cooper from 115 Spyglass Circle, Groton. With him and Ms. Cooper was Vern Moore, the 12-year old son of the owner of the car Stephane Bowens. Ronnie Cade had gone to IHOP to look for some friends. He entered IHOP and did not see his freinds and started to leave when his wife, with whom he is separated from, approached him and they started arguing.

Ronnie Cade said he got back into the car and attempted to leave IHOP when his wife, Erica Cade, stepped in front of the car. He got out of the car and they began to argue loudly in front of IHOP. As they were arguing, he looked to his left and saw an hispanic male pointing a chrome handgun at him. This hispanic male was described as being about 5'5" to 5'6" tall, muscular build, with black hair and wearing glasses. This hispanic male told him to get away several times before Ronnie Cade realized what the male had been saying. Ronnie Cade said that he moved away and this male approached him and told him to get out of there because the police were on the way.

The hispanic male told Ronnie Cade that he was a police officer but Cade does not remember where he said he was a police officer. Cade said he recognized the handgun to be a Smith & Wesson .45 cal. or 9mm handgun because he knows guns. Although the hispanic male told Cade he was a police officer he did not show Cade any identification. Cade got back into the car and left the area, being driven to his home in New London, Ct.

Ronnie Cade said that he had never seen this hispanic male before. He stated that he has had no recent contact with any police. He reported to New London PD back summer that his car had been broken into and several weeks later identified some items recovered by NLPD.

**COPY**

- Page 1 of 2 -

- Page 2 of 2 -

   Ronnie Cade said that although he and his wife were yelling at each other loudly neither had struck the other nor pushed each other during their argument. No weapons of any kind had been displayed. It was a verbal argument only. Later after Erica Cade left IHOP she drove to Ronnie Cade's residence in New London and spent the night with him.

   Ronnie Cade gave a written statement regarding the above information.

   After Ronnie Cade left HQ his wife Erica called HQ looking for him as he was to meet with her at 1600 hrs. today. I advised her that he had been running late and had just left the police department. I again asked Erica Cade if she had seen any handgun being shown while she and Ronnie had been arguing in front of IHOP. Again, Erica Cade stated that she had been concentrating on arguing with Ronnie and had not seen any handgun. She did not wish to give a statement.

Lt. Matthew Morton                              Supervisor:

COPY

GROTON TOWN POLICE DEPARTMENT
SUPPLEMENTAL REPORT

Exhibit 1H

CASE NUMBER:      96-01650
DATE & TIME:      31-JAN-96   1200 HRS.
OFFICER ASSIGNED: LT. M.MORTON
INCIDENT:         MAN WITH A GUN
CASE STATUS:      7

====================================================================

On this date Officer Gaspar Garcia of the New London Police Department came to HQ to be interviewed regarding the domestic incident at IHOP on 1/28/96 in which he was reported to have pointed a gun at a male subject.

Off. Garcia advised me that he has been employed as a Patrolman with the New London Police department since December 27, 1994. Prior to his becoming an officer with NLPD he had been a Patrolman with the Co-op City Police Department in New York City for almost 3 years. He is married and resides in Enfield, Ct.

Off. Garcia worked the 3pm to 11pm shift in New London on Saturday night (1/27/96). After work he had gone to the Del Mar Cafe on Rt.12 in Groton to shoot some pool with friends. Off. Garcia stated that while at the Del Mar he drank mostly soda; ocassionally sipping some beer from a friend's glass. At closing he left the Del Mar and went to IHOP to have something to eat and meet some friends.

Upon leaving IHOP with a female friend from New London (whose name he only knows as Michelle and who works at Foxwoods) he was about to enter his car when he heard loud arguing from a black male and white female in front of IHOP. Off. Garcia said that he became concerned because as the female started to walk away this male struck the female across the side of her head. He then grabbed her and shoved her into some telephones in front of IHOP. At this time Off. Garcia started towards the couple intending to intervene and stop the male from hitting the female.

Off. Garcia said he took out his black wallet with his police ID/badge and identified himself to the black male as a police officer. He told this male to back away from the female. According to Off. Garcia, this black male then looked at him and started to come towards Off. Garcia. Again, Off. Garcia told this male to get away and again the male started to approach Off. Garcia. Fearing for his safety because this male had just struck the female, Off. Garcia reached into his fanny pack around his waist and took out his off-duty handgun.

- Page 1 of 2 -

**COPY**

- Page 2 of 2 -

    Off. Garcia stated that he had his Interarms Fire Star Plus, stainless steel, 9mm off-duty handgun with him in his fanny pack. After he removed the handgun from the fanny pack he held his gun pointing downward in what he described as a "low ready" position in front of him. Off. Garcia stated that he did not point the gun at the black male. At the same time, Off. Garcia yelled for several nearby females to call 9-1-1.

    When the black male saw the handgun he backed away from Off. Garcia and said that he didn't want any trouble. Off. Garcia said he again identified himself as a police officer and this male then got into a car and left the parking lot of IHOP. An unidentified female was observed by Off. Garcia to take down the license number of the car in which this male left IHOP. The white female whom the male had struck approached Off. Garcia and told him that the black male hadn't done anything, that it was okay and for him to leave the black male alone. She then went back inside IHOP.

    Off. Garcia then went to one of the telephones and spoke to the Groton Town Police advising them of the situation and that everything was now okay. He was advised to stay at IHOP until police arrived, which he did. When he was asked by one of the responding officers whether or not a gun was shown he said no, thinking that the officer meant whether or not one of the persons involved in the domestic had shown a gun. Off. Garcia said that he didn't realize the officer meant him.

    Off. Garcia stated that he did not know either the black male or the white female involved in the domestic. Nor has he ever had any contact with either in the course of his job.

    Off. Garcia signed a written statement indicating the above information.

    An attempt will be made to identify and locate Michelle regarding what she witnessed during the incident at IHOP.

Lt. Matthew Morton                                       Supervisor:

