

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION HOLEMAN AND<br>WALLACE HOLEMAN,<br>ADMINISTRATRIXES OF THE<br>ESTATE OF DARRELL HOLEMAN | :<br>:<br>:<br>: NO.: 3:00CV1608 (DJS) |
| v. | : |
| CITY OF NEW LONDON,<br>NEW LONDON POLICE DEPARTMENT,<br>GASPAR VINCENT GARCIA,<br>BRUCE RINEHART, GREG WILLIAMS<br>AND JOHN DOE | :<br>:<br>:<br>:<br>: AUGUST 30, 2004 |

## DEFENDANTS' OBJECTION TO THE PLAINTIFFS' REQUEST FOR LEAVE TO FILE A SUPPLEMENTAL RESPONSE TO SUMMARY JUDGMENT

The defendants in the above matter hereby object to the plaintiff's Request for Leave to file a supplemental response to summary judgment, as (1) such request is untimely being made after one year following the disclosure of the subject documents and after the Court rendered its ruling, (2) it is procedurally incorrect, and (3) the documents that the plaintiffs request this court to consider do not create an issue of fact in this case. The defendants set forth the following in support of this Objection:

1. On or about February 21, 2004, the plaintiff's filed a response to the defendants motion for summary judgment and supporting memorandum, arguing as follows in support of their Monell claim:

ORAL ARGUMENT IS REQUESTED

> "... the plaintiff's can in good faith represent that information in the form of affidavits, answers to interrogatories or requests for production are not available at this time.... The facts necessary for an expert opinion are yet to be obtained from the defendants pursuant to ongoing discovery negotiations and a teleconference with the Court scheduled for March 7, 2003...."

(Plaintiff's Memo, dated 2/21/03, p. 15, **Exhibit A**).

2. On or about March 17, 2003, the Court issued an order following a telephonic status conference and in-person conference directing that the defendants shall respond to all outstanding discovery requests no later than April 18, 2003, and that the plaintiffs shall amend their Local Rule 56(a)(3) Statement no later than April 4, 2003 (The defendants believe that this date was typed in error and actually should have read May 4, 2003). (See Order, **Exhibit B**);

3. The defendants complied with all outstanding discovery requests before the April 18, 2003 deadline, which included Town of Groton information the plaintiff's now seek this Court to consider in support of their <u>Monell</u> claim against the City;

4. The plaintiffs disclosed their proffered expert, Noel McGregor, on June 20, 2003, who offered a general, unsupported opinion that the defendant City of New London failed to properly train its police officers;

5. On or about July 25, 2003, undersigned received documents that were responsive to a June 24, 2003 subpoena served by plaintiffs counsel upon the Town of Groton, requesting all documents concerning Officer Vincent Garcia (Letter dated July 21, 2003 without documents, **Exhibit C**);

6. It has now been over one year since the plaintiffs have received all documents pertaining to the Town of Groton incident involving Officer Garcia, and they only now seek to amend their opposition memorandum following an unfavorable ruling by the Court.

At the March 7, 2003 status conference, the plaintiffs, under Fed.R.Civ.P. 56(f), moved the Court for an enlargement of time to conduct discovery and obtain affidavits in order to respond to the defendants' summary judgment motion and memorandum. The Court granted the plaintiffs' motion and permitted them until May 4, 2003 to file a revised Local Rule 56(a)(3) Statement. Despite receiving the Town of Groton documents in April of 2003, the plaintiffs did not seek a revision of their statement. It has now been over one year since the plaintiffs obtained the documents they now seek to introduce by way of Request for Leave and over one year following the Court ordered deadline for the plaintiffs to revise their Local Rule 56(a)(3) statement. The Court has rendered its summary judgment ruling in favor of the City of New London finding no evidence of a policy or custom of deliberate indifference. The defendants submit that the plaintiffs' untimely request to revise should be denied.

Moreover, the documents the plaintiffs seek to offer do not create an issue of fact in this case. The Town of Groton incident stemmed from a complaint against Officer Garcia that occurred three years before the incident subject of this case. The City of New London sustained the Complaint, and Officer Garcia was given instruction

pertaining to the display of his sidearm in non-felony situations.[1] This sole incident does not give rise to usual and recurring improper use of force or a deliberate indifference on the part of the City of New London. See, City of Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989). Indeed, the documents do not support any wrongdoings by the City of New London. The plaintiffs' after-the-fact attempt to save their Monell claim should be denied with prejudice.

WHEREFORE, based on the foregoing, the defendants respectfully request that the Court deny the plaintiffs' Request for Leave.

DEFENDANTS,<br>
CITY OF NEW LONDON, NEW LONDON POLICE DEPARTMENT, GASPAR VINCENT GARCIA, BRUCE RINEHART, GREG WILLIAMS AND JOHN DOE<br><br>
By _____<br>
Daniel C. DeMerchant<br>
Howd & Ludorf<br>
65 Wethersfield Avenue<br>
Hartford, CT 06114<br>
(860) 249-1361<br>
ct19342

---

[1] Plaintiffs' counsel argues that the sole reason why the plaintiffs did not disclose the Town of Groton documents sooner was for the purpose of ambushing defendants' police liability expert at his deposition. The plaintiff did present the undisclosed documents to the defendants' expert months ago at his deposition and proceeded to ask hypothetical questions over objection. The defendants deny all representations of its experts testimony as set forth in the plaintiff's Request for Leave, as being mischaracterizations and improper.

Exhibit A

...

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ESTATE OF DARRELL HOLEMAN, ET. AL., Plaintiffs | CIVIL ACTION NO.: |
| | 3:00-CV1608 (DJS) |
| V. | |
| CITY OF NEW LONDON, ET. AL., Defendants | FEBRUARY 21, 2003 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56 and D. Conn. L. Civ. R. 56 (a) (2) (Rev.2003) and in addition to the plaintiffs' previously submitted Local Rule 56 (a) (2) statement, the plaintiffs submits this memorandum in opposition to the defendants' motion for summary judgment.

The plaintiffs represent that the content of the previously-submitted Local Rule 56 (a) (2) statement remain unchanged and that the factual and legal argument, combined with the exhibits attached hereto, provide ample evidence that questions of fact remain in this case such that summary judgment is inappropriate. Attached deposition transcript exhibits will be supplemented at the hearing with an offering of the complete, certified copy of the relevant transcripts to comply with Fed. R. Civ. P. 56 (e).

### *Introduction*

In this case, the plaintiffs filed suit on behalf of the decedent, Darrell Holeman, for violations of Holeman's constitutional rights and various state causes of action. The plaintiffs alleged that New London police officers Gregory Williams and Gaspar Garcia violated

frequently cause the deprivation of a citizen's constitutional rights." Id. (quoting City of Canton. supra, 489 U.S. at 390, n. 10). These criteria may be met demonstrating that the need for more protection was obvious, which is "demonstrated through proof of repeated complaints of civil rights violations [. . . that] are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents." Vann v. City of New York, 72 F.3d 1040 at 1049 (1995).

Pursuant to Fed. R. Civ. P. 56 (f), the plaintiffs can in good faith represent that information in the form of affidavits, answers to interrogatories or requests for production are not available at this time. The plaintiffs have disclosed an expert in the administration of police departments, including the establishment of policy, training and the indicators of the necessity of further training. The facts necessary for an expert opinion are yet to be obtained from the defendants pursuant to ongoing discovery negotiations and a teleconference with the court scheduled for March 7, 2003. Included in these discovery items are information about policy setting in the City of New London police departments, training requirements, and statistics that would indicate numbers of complaints and actions undertaken to address problem trends. Due to this information remaining outstanding, the plaintiffs suggest that any ruling on this issue be delayed until the commencement of trial.

## III.   THE PLAINTIFFS' STATE LAW CLAIMS ARE LEGALLY SUFFICIENT

The defendants make numerous claims regarding the legal sufficiency of the plaintiffs' state claims for relief. These are based on legal argument which, to the extent addressed hereinafter, are incorrect as a matter of law.

RICHARD HUSTAD MILLER, ATTORNEY AT LAW
P.O. Box 385, Uncasville, CT 06382; (860) 848-4896
Fax (603) 691-2557  E-mail: attorney.miller@bigfoot.com
Fed No CT-16842

Respectfully submitted, THE PLAINTIFF

By: _____
Richard Hustad Miller, CT16842

## CERTIFICATION

This is to certify that the forgoing was sent to all counsel and *pro se* parties of record in compliance with the Federal Rules of Civil Procedure on February 24, 2003:

Howd & Ludorf
Attorneys Thomas R. Gerarde &
Daniel C. DeMerchant
65 Wethersfield Avenue
Hartford, CT 06114
Phone: (860) 249-1361

Attorney Jeffrey T. Londregan
Conway & Londregan, P.C.
38 Huntington Street
P.O. Box 1351
New London, CT 06320-1351

_____
Richard Hustad Miller, CT16842

Exhibit B



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARION HOLEMAN AND WALLACE HOLEMAN, ADMINISTRATRIXES OF THE ESTATE OF DARRELL HOLEMAN<br>v.<br>CITY OF NEW LONDON, NEW LONDON POLICE DEPARTMENT, GASPAR VINCENT GARCIA, BRUCE RINEHART, GREG WILLIAMS AND JOHN DOE | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:     No. 3:00CV1608 (DJS) |

## ORDER

At a telephonic status conference and in-person status conference with the parties in the above-captioned case, the undersigned issued the following ruling and orders:

The defendants' motion to compel [doc. # 47] is GRANTED. The plaintiffs shall provide amended expert disclosure(s) to the defendants **no later than** May 16, 2003. These expert disclosure(s) shall fully comply with Fed. R. Civ. P. 26(a)(2)(B):

> [T]his disclosure shall . . . be accompanied by a <u>written report</u> prepared and signed by the witness. The report shall contain a <u>complete statement</u> of all opinions to be expressed and the <u>basis and reasons therefor</u>; the <u>data or other information considered</u> by the witness in forming the opinions; any <u>exhibits</u> to be used as a summary of or support for the opinions; the <u>qualifications of the witness</u>, including a <u>list of all publications authored by the witness</u> within the preceding <u>ten years</u>; the <u>compensation</u> to be paid for the study and testimony; and a <u>listing of any other cases in which the witness has testified</u> as an expert at trial or by deposition within the preceding <u>four years</u>.

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).

Furthermore, the scheduling order in this case is hereby amended, as follows:

1. The defendants shall respond to all outstanding interrogatories and document requests to which they have no objections **no later than** April 18, 2003.

2. The deposition of defendant Vincent Garcia shall be taken **no later than** April 30, 2003.

3. As already discussed, amended reports from plaintiff's experts will be due by **May 16, 2003**.

4. Depositions of the plaintiff's experts shall be completed by **June 20, 2003**.

5. Reports from defendants' experts shall be completed by **July 18, 2003**.

6. All fact depositions shall be completed by **August 1, 2003**.

7. Depositions of defendants' experts shall be completed by **August 15, 2003**.

Finally, the plaintiffs are hereby **ORDERED** to amend their Local Rule 56(a)(2) Statement **no later than April 4, 2003**, to comply with Local Rule 56(a)(3), as follows:

> Each statement of material fact . . . must be followed by a citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a) Statement in conformity with Fed. R. Civ. P. 56(e).

L. R. Civ. P. 56(e) (Rev. 2003). This rule applies to all "issues of material fact for which there are genuine issues to be tried," and to all "denials" of material facts cited in the defendants' local rule 56(a)(1) Statement.

**IT IS SO ORDERED** at Hartford, Connecticut on this 13th day of March, 2003.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

2

Exhibit C

# Suisman Shapiro

Attorneys-At-Law

July 21, 2003

Matthew E. Auger
Raymond L. Baribeault, Jr.
James P. Berryman
Michael A. Blanchard
Andrew Brand
Harry E. Calmar
Michael P. Carey
John A. Collins, III
Cynthia L. Desmond
Jeanette M. Dostie
Eileen C. Duggan
Lawrence J. Greenberg
Jeffrey W. Hill
Robert B. Keville
Hinda K. Kimmel
Frank J. Liberty
Santa Mendoza
Susan M. Phillips
Martin W. Schoepfer
S. Joel Suisman
Robert G. Tukey
Thomas B. Wilson

In Memoriam
James F. Brennan
James J. Courtney
Max M. Shapiro
Charles I. Suisman
Louis C. Wool

Of Counsel
L. Patrick Gray, III
Richard A. Schatz

Sandy Moore
80 Broad Street
New London, CT 06320

RE: Subpoena to Town of Groton re: Holeman v. New London
Our File No. 0599

Dear Ms. Moore:

Enclosed, please find information responsive to the subpoena in the above captioned matter served on the Town of Groton Police Department on or about June 24, 2003.

As indicated, where the original file should have been located, there was only a one page document indicating the case has been sent to the State Attorney's Office. The remaining documents were contained in a file in the detective division, and it is unknown whether this is a complete copy.

The Town of Groton Police Department has no additional documents responsive to this subpoena.

Sincerely,

Susan M. Phillips

SMP
enc.

cc: Captain Kelly Fogg (w/o enc.)

*A Tradition of Innovative Solutions*

Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, P.C.
2 Union Plaza, Suite 200 • P.O. Box 1591, New London, CT 06320
Phone 860-442-4416 • Fax 860-442-0495 • www.suismanshapiro.com